CHANCERY.          *Triplett and Turner vs. Cox.*

Case 27.      Error to the Montgomery Circuit; SILAS W. ROBBINS, Judge.

              *Sett off in Equity. Usury. Assignments.*

April 26.     Chief Justice BIBB delivered the Opinion of the Court.

                         TURNER exhibited his bill against Cox
Case former-  alone to set off two notes, which Cox held on Tur-
ly here—See   ner, against a judgment recovered by Turner to the
3 Mon. 303.   use of Triplett against Cox.   That case was brought
              to this court; the decree in favor of Cox vs. Tur-
              ner was reversed on the 26th of May 1824, and the
              cause remanded, with directions that Triplett be
              made a party because of his apparent interest.   That
              case is reported in 5th Litt. p. 175.

                         When the case returned, Cox amended his bill and
Cox's amend-  made Triplett a party.   In this bill he alleges that
ed bill.      the notes alluded to in his former bill were given by
              Turner to Wells for money lent by Wells to Turner;
              that Triplett, to defraud the creditors of Turner,
              caused the action at law to be prosecuted against
              Cox for the use of Triplett; that he does not believe
              that Triplett had any assignment of the store ac-
              counts on which the action at law was founded, nor
              that the use so expressed in favor of Triplett was
              founded on any consideration good and valuable in
              law.

                         The suit to the use of Triplett, was instituted a-
              gainst Cox on the 15th May, 1820; judgment ren-
              dered on the 15th March, 1821.

                         The notes set up by Cox were executed by Tur-
              ner and McGowan and Stockdon to John Wells, the
              one for $140, specie, and $60, in Kentucky notes,
              bearing date 12th December, 1818, the other for
              $53, bearing date December 30th, 1818, the assign-
              ments bearing date on the 16th May, 1820.

                         Triplett, by his answer, denies that Cox paid any
Triplett's an- consideration for the assignment to him—charges,
swer.         that those notes were usurious and void, and found-
              ed on a corrupt agreement for more than the legal
              rate of interest; that said notes were paid off to
              Wells by Stockdon or McGowan, the obligors, and

by a combination between Stockdon and Cox, the assignment was made to Cox, for the purpose of endeavouring to defeat Triplett of his claim by assignment, of which they Cox and Stockdon had notice; he denies any notice that Turner or McGowan or Stockdon were indebted to Wells when he received the assignment from Turner of the demand on Cox —he alleges it was made for a valuable consideration, upon a sale and exchange of property &c. between himself and Turner.

Cox, by way of replication, charges the assignments of the bonds, notes and accounts, in said agreements mentioned were the consideration, for the sale of a clerkship by Triplett to Turner, and that the exchange of houses and lots was colourable only— and various exceptions were taken to Triplett's answer to interrogatories put to him in this replication.

Before the suit brought by Turner, to the use of Triplett, Turner had given an order to Triplett on Cox, of the 31st December, 1819, for $300, by virtue of this order, arising out of the negotiations between Turner and Triplett, the suit was brought against Cox to the use of Triplett, and the judgment obtained for $288 50 damages.

The circuit court decreed that the assigned notes set up by the bill should be set off against the judgment at law—from which the defendants appealed.

It seems to this court, that the assignments of the notes, in the bill mentioned, were procured by Cox subsequently to Triplett's assignment of the demand on which the judgment was founded, and that Cox paid nothing for those assigned notes, and that they were paid and taken up by Stockdon, one of the obligors, and that the said notes were void because founded on a corrupt and usurious loan by Wells of money, at a rate of interest greatly exceeding six per cent, so that the complainant has no foundation for impeaching the assignment to Triplett and none for relief against the judgment at law.  It is, therefore, ordered and decreed that the said decree of the circuit court be reversed, and that the case

*Margin notes:*

TRIPLETT & TURNER vs. Cox.

Cox's replication.

One for whose use an action is prosecuted, is a necessary party to a bill by defendant, for a set off against the judgment, and may shew his assignment prior to complainant's demand, or repel complainant, for the usurious consideration of his claim, before the consideration of his assignment can be enquired into.

TRIPLETT
& TURNER
vs.
Cox.

be remanded, with directions to dissolve the injunction, with damages, and dismiss the bill with costs.

Appellants to be paid their costs in this court.

*Triplett,* for plaintiffs; *Jas. Trimble,* for defendant.

---

CHANCERY.

Case 28.

April 26.

Judgments at law.

Bill by judgment creditor to subject a debt due defendant, under the act of 1821.

Answer of the administrators of McDaniel.